UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO SOTO,<br><br>    Plaintiff,<br><br>v.<br><br>R. GINES, RN, et al.,<br><br>    Defendants. | Case No. 11-CV-235-LAB (JMA)<br><br>**REPORT AND RECOMMENDATION REGARDING DEFENDANTS' MOTION TO DISMISS [Doc. No. 13]** |

    Plaintiff Francisco Soto ("Plaintiff"), a state prisoner currently incarcerated at California State Prison, Los Angeles County, in Lancaster, California, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 1.)  In his original complaint, Plaintiff alleged that Defendants Gines, Hunt, White, and Stout failed to provide him with adequate medical care, violated his right to be free from cruel and unusual punishment, and violated his right to due process. Id. On August 8, 2011, Defendants Gines, Hunt, and Stout ("Defendants") filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b) and 12(b)(6). (Doc. No. 13.)[1] Plaintiff filed an opposition to the motion to dismiss on October 3, 2011. (Doc. No. 21.) On October 7, 2011, Plaintiff filed a First Amended Complaint ("FAC") naming only Gines, Hunt, and White as defendants and alleging only one claim for violation of his

---

[1] Defendant White has not been served.

right to freedom from cruel and unusual punishment. (Doc. No. 23.) On October 12, 2011, Defendants, in response to an order of the Court issued on October 7, 2011, requested that their motion to dismiss apply to the FAC. (Doc. No. 25.) On October 27, 2011, Plaintiff requested that his opposition, filed prior to his FAC, also apply to the motion to dismiss. (Doc. No. 29.) On October 31, 2011, Defendants filed a reply to Plaintiff's opposition. (Doc. No. 30.)

For the following reasons, the Court recommends that Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b) for failure to exhaust administrative remedies be **DENIED**, and that the motion to dismiss be **DENIED AS MOOT** as the remainder of Defendants' arguments. The Court further recommends that Defendant Stout be **DISMISSED** and that Plaintiff be ordered to show cause why Defendant White should not be dismissed for failure to serve a summons and complaint.

## I.     Background

The FAC alleges that on February 11, 2010, Plaintiff, while incarcerated at the Richard J. Donovan Correctional Facility ("Donovan"), was injured when a food cart fell on him, causing a visible fracture to the orbital bone on the left side of his face as well as two additional fractures. (FAC, ¶ 1.) Plaintiff was taken to the Facility III Medical Clinic where he requested an x-ray and pain medication. (Id., ¶ 2.) Defendants Gines, White, and Hunt considered Plaintiff's injuries to be minor and accused Plaintiff of lying about his pain. (Id., ¶ 4 & Ex. A.) Plaintiff was forced to return to his housing unit without any medical assistance. (Id., ¶ 5.)

Plaintiff turned in several medical slips requesting medical assistance, none of which were answered. (Id., ¶ 6.) On February 18, 2010, Plaintiff was seen by a Primary Care Provider ("PCP") for a separate medical issue. (Id., ¶ 7.) The PCP sent Plaintiff to be x-rayed. (Id., ¶ 9.) The x-ray technician told Plaintiff that his facial fractures were visible and that he should receive a CAT scan. (Id.) The x-ray confirmed numerous fractures. (Id., ¶ 14 & Ex. B.) None of the prison physicians would see Plaintiff on an emergency basis, and he was again forced to return to his housing unit

without any medical assistance. (Id., ¶ 10.) Plaintiff continued to turn in numerous requests for medical assistance, but was again ignored. (Id., ¶ 11.)

On March 2, 2010, a PCP referred Plaintiff for a CAT scan. (Id., ¶ 13.) Plaintiff was sent to Alvarado Hospital. (Id., ¶ 15.) The medical staff there was shocked that his injuries were three weeks old and said he should have received treatment right away. (Id.) He received morphine for his extreme pain. (Id., ¶ 16.) On March 8, 2010, Plaintiff underwent surgery at Alvarado Hospital, at which time three titanium plates were inserted into his face. (Id., ¶ 17 & Ex. C.)

## II. Motion to Dismiss

Defendants move to dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b) and 12(b)(6) on the grounds that Plaintiff failed to exhaust his administrative remedies before filing suit, failed to file a government tort claim thus barring any negligence claim under state law, and failed to state a claim against Defendant Stout, the warden, for supervisory liability.

### A. Exhaustion

#### 1. Legal Standards

The Prison Litigation Reform Act ("PLRA") provides, "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement applies regardless of the relief sought. Booth v. Churner, 532 U.S. 731, 741 (2001). In Woodford v. Ngo, 548 U.S. 81 (2006), the Supreme Court stated, "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . . ." Id. at 90. This is so "because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91.

Section 1997e(a)'s exhaustion requirement creates an affirmative defense. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Defendants have the burden of pleading and proving the failure to exhaust. Jones v. Bock, 549 U.S. 199, 212 (2007).

Defendants may properly raise the affirmative defense of failure to exhaust administrative remedies through an unenumerated motion to dismiss under Federal Rule of Civil Procedure 12(b). Wyatt, 315 F.3d at 1119. In deciding such a motion, "the court may look beyond the pleadings and decide disputed issues of fact." Id. at 1119-20 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988)).

Prisoners in California who seek to challenge their conditions of confinement must proceed through several levels of appeal to exhaust available administrative remedies within the California Department of Corrections and Rehabilitation ("CDCR")'s grievance system: (1) informal resolution, (2) formal written appeal on a CDCR 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the CDCR. See Ngo, 548 U.S. at 85-86 (citing Cal. Code. Regs., tit. 15, §§ 3084.1(c), 3084.5, 3084.6(c) (2004)). At the time Plaintiff proceeded through this administrative appeal process, prisoners were required to submit their appeals to each level of review "within 15 working days of the event or decision being appealed, or of receiving an unacceptable lower level appeal decision." Cal. Code Regs., tit. 15, § 3084.6(c) (2009).[2]

The Ninth Circuit has indicated that the exhaustion requirement can be excused in certain limited instances. See Ngo v. Woodford, 539 F.3d 1108, 1110 (9th Cir. 2008) (providing that exceptions to the exhaustion requirement include the unavailability of administrative procedures, obstruction by prison officials, or prison's failure to follow procedures for processing grievances); see also Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010) (excusing prisoner's failure to timely exhaust his administrative remedies because he was precluded from exhausting by a mistake by the Warden).

---

[2]The sections of the California Code of Regulations concerning the prisoner appeal process were amended effective January 28, 2011. See Cal. Code Regs., tit. 15 §§ 3084-3084.9 (2011). The time for filing an appeal is presently thirty calendar days from the occurrence of the event or decision being appealed, upon first having knowledge of the action or decision being appealed, or upon receiving an unsatisfactory departmental response to an appeal filed. Cal. Code Regs., tit. 15, § 3084.8(b).

### 2. Discussion

On March 21, 2010, Plaintiff submitted a CDCR Form 602 in which he requested, *inter alia*, monetary compensation, additional pain medication, that the matter be investigated, that medical staff be reprimanded and admonished, and that it be explained why it took three weeks for him to receive surgery for a serious injury. (FAC, ¶ 20 & Ex. D at 27-29.)[3] In a decision signed on May 5, 2010, Plaintiff's grievance was partially granted in that an investigation was conducted into the matter and Plaintiff's pain medications were adjusted. The decision noted that monetary compensation could not be granted at the 602 level. (Id., Ex. D at 28.) Plaintiff then sought a second level review on May 24, 2010, in which he stated that he was in severe pain. (Id., Ex. D at 28, 34.) The appeal was partially granted in a decision dated July 2, 2010 as Plaintiff had been examined by a PCP and had received pain medications. The decision noted that Plaintiff's request for monetary compensation was beyond the scope of the appeals process and would not be addressed. (Id., Ex. D at 31-32.) On August 16, 2010, Plaintiff appealed to the Director's Level, again stating that he was in severe pain. (Id., Ex. D at 28, 33.) The appeal was screened-out for being untimely and returned to Plaintiff in a decision dated September 8, 2010. (Id., Ex. D at 30.) Plaintiff alleges that the untimeliness of his Director's Level appeal was not his fault but rather was due to his grievances being returned to him late on numerous occasions. (Id., ¶ 21.)

Defendants argue that Plaintiff failed to exhaust his administrative remedies because he did not receive a decision from the Director as his third level appeal was screened out due to untimeliness. Mot. at 7. Defendants have provided a declaration by J. Rivera, Health Care Appeals Coordinator at Donovan, to support their argument. According to Rivera, "At each level of review . . ., the original appeal shall be returned to the inmate with a written response stating the appeal issue, the decision, and the reasons for the decision." Rivera Decl., ¶ 4. Further,

---

[3]For purposes of clarity, the page number references to Exhibit D of the FAC herein refer to the page numbers applied by the Court's electronic case filing system.

> When an appeal is returned to an inmate, the Inmate/Parolee Appeal Form (CDCR Form 602) is date-stamped and directly placed in the prison mail system either on the day of the date-stamp or the next day. In my experience, the internal mail system typically takes 1-2 days to be delivered to an inmate.

Id., ¶ 5. Here, the decision on Plaintiff's second level appeal was dated July 2, 2010. (FAC, Ex. D at 31-22.) The date stamp on the CDCR Form 602 indicates that the decision was returned on July 8, 2010. (Id. at 28.) Defendants contend that Plaintiff had fifteen working days thereafter, to July 29, 2010, to resubmit his appeal for third level review. Reply at 3. Defendants argue that because Plaintiff did not file his appeal to the third level until August 16, 2010, the appeal was properly screened-out as untimely, and as a result, he did not exhaust his administrative remedies. Id.

In response, Plaintiff contends that throughout the administrative review process, his appeals were not returned to him on the dates indicated on the date stamps. Opp'n at 7. He argues that he made all attempts to exhaust his administrative remedies, but that prison officials violated their own policies on time regulations and his appeal was thus screened out, denying him the right to exhaust all his remedies. Id. at 2. Plaintiff specifically noted, at the time he filed his third level appeal, "For the record, I was not issued the second level appeal response on July 8, 2010 as indicated on the 602. It was issued to me on August 4, 2010." (FAC, Ex. D at 33.) If this date is accurate, Plaintiff's third level appeal would have been due by August 25, 2010, and his August 16, 2010 submission would have been timely.

Although Defendants assert that Plaintiff did not file his third level appeal within fifteen working days of receipt of the second level appeal decision, making that appeal untimely, their supporting evidence, namely, the Rivera Declaration, does not conclusively establish when Plaintiff received the second level response. Moreover, there is evidence in the record rebutting Defendants' evidence that the response to Plaintiff's second level appeal was returned on July 8, 2010 and supporting Plaintiff's assertion that the response to his second level appeal was not returned until August 4,

2010. (FAC, Ex. D at 33.)[4] Thus, the record presently before the Court does not conclusively refute Plaintiff's claim that he did not receive the second level response until August 4, 2010. Given that Plaintiff's third level appeal was screened out as untimely notwithstanding that he asserted in that appeal that he did not receive the second level appeal response until August 4, 2010, it was not unreasonable for him to believe that he had no further administrative remedies available to him. Because Defendants have not conclusively established that Plaintiff cannot be excused from his obligation to exhaust administrative remedies, their motion to dismiss for failure to exhaust administrative remedies should be **DENIED**. See Ngo, 539 F.3d at 1110; see also Collier v. Brown, 635 F. Supp. 2d 1144, 1154-55 (C.D. Cal. 2009) (denying summary judgment on failure to exhaust administrative remedies because genuine issue of fact existed as to whether the plaintiff's Director's Level appeal was submitted timely despite being screened out by the Inmate Appeals Branch).

### B. Defendants' Other Arguments Are Moot

Defendants also argue that any negligence claim asserted by Plaintiff should be dismissed because he failed to file a government tort claim, and that Defendant Stout should be dismissed as Plaintiff failed to state a claim against him for supervisory liability. These arguments were made prior to the filing of the FAC. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). As Plaintiff alleges only one claim in the FAC for violation of his right to freedom from cruel and unusual punishment pursuant to section 1983, that is the only claim in the case. The FAC does not allege a state law negligence claim, and Plaintiff himself concedes that he does not allege such a claim. Opp'n at 10-11. Additionally, the FAC does not name Stout as a defendant nor does it contain any allegations against him. Plaintiff has thus waived any claim against Stout. See Jones v. Bradford, 2011 WL 5007214, at *1 (S.D. Cal. 2011)

---

[4] The Court also notes the date on which Plaintiff asserted he received the response to his first level appeal, May 20, 2010, is consistent with the date he filed his second level appeal, May 24, 2010. (FAC, Ex. D at 28, 34.)

(citing King, 814 F.2d at 567).  The Court therefore recommends that Defendant Stout be **DISMISSED**, and that Defendants' motion to dismiss on the above grounds be **DENIED AS MOOT**.

### III.     Defendant White

A summons was returned unexecuted as to Defendant White, named as a defendant in both the original complaint and the FAC, on May 18, 2011.  Doc. No. 18.  The docket reflects no other attempts, either successful or unsuccessful, to serve Defendant White.  Rule 4(m) of the Federal Rules of Civil Procedure requires defendants to be served within 120 days after the complaint is filed.  Fed. R. Civ. P. 4(m).  Accordingly, the Court recommends that Plaintiff be ordered to show cause why Defendant White should not be dismissed for failure to serve.

### IV.     Conclusion and Recommendation

After a thorough review of the record in this matter, the undersigned magistrate judge recommends that:

1. Defendants' motion to dismiss be **DENIED** pursuant to Fed. R. Civ. P. 12(b) for failure to exhaust administrative remedies;

2. Defendants' motion to dismiss be **DENIED AS MOOT** as the remainder of Defendants' arguments;

3. That Defendant Stout be **DISMISSED**; and

4. That Plaintiff be ordered to show cause why Defendant White should not be dismissed for failure to serve a summons and complaint within 120 days after the filing of the complaint as required by Federal Rule of Civil Procedure 4(m).

This Report and Recommendation is submitted to the Honorable Larry Alan Burns, United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  **IT IS ORDERED** that not later than **February 21, 2012**, any party may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."  **IT IS FURTHER ORDERED** that any reply to the objections shall be served and filed not later

than **March 6, 2012**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. See <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 30, 2012

                                                      Jan M. Adler
                                                      U.S. Magistrate Judge