1

2

3

4

5

6

7

8            UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10

11   FRANCISCO SOTO,                    )    Case No. 11-CV-235-LAB (JMA)
                                        )
12                  Plaintiff,          )    **REPORT AND**
                                        )    **RECOMMENDATION DENYING**
13   v.                                 )    **DEFENDANTS' MOTION FOR**
                                        )    **LEAVE TO FILE AN AMENDED**
14   R. GINES, et al.,                  )    **ANSWER TO FIRST AMENDED**
                                        )    **COMPLAINT [Doc. No. 49]**
15                  Defendants.         )
                                        )
16   ────────────────────────────────── )

17         Presently before the Court is an ex parte application, construed by

18   the Court as a motion, for leave to file an amended answer to First

19   Amended Complaint filed by Defendants Gines and Hunt ("Defendants").

20   (Doc. No. 49.)  For the reasons set forth below, the Court recommends that

21   Defendants' motion be **DENIED**.

22   **I.     Background**

23         Plaintiff Francisco Soto ("Plaintiff"), a state prisoner currently

24   incarcerated at California State Prison, Los Angeles County, in Lancaster,

25   California, proceeding *pro se* and *in forma pauperis*, initiated this action by

26   filing a civil rights complaint pursuant to 42 U.S.C. § 1983 on February 3,

27   2011.  (Doc. No. 1.)  Plaintiff alleged that he was injured on February 11,

28   2010 when a food cart fell on him as he was performing his assigned work

1  duties while incarcerated at the Richard J. Donovan Correctional Facility.

2  Compl. at 3.  He alleged the accident caused a visible fracture to the orbital

3  bone on the left side of his face as well as two additional fractures, and that

4  Defendants Gines, Hunt, White, and Stout failed to provide him with

5  adequate medical care, violated his right to be free from cruel and unusual

6  punishment, and violated his right to due process.  Id. at 3-5.  On October

7  7, 2011, after the defendants filed a motion to dismiss the complaint

8  pursuant to Fed. R. Civ. P. 12(b) and 12(b)(6), Plaintiff filed a First

9  Amended Complaint ("FAC").  The FAC alleged only one claim for violation

10  of the Eighth Amendment right to freedom from cruel and unusual

11  punishment against Defendants Gines, Hunt, and White.  (Doc. No. 23.)

12  On October 12, 2011, the defendants requested that their motion to

13  dismiss apply to the FAC.  (Doc. No. 25.)

14      On January 30, 2012, this Court filed a Report and Recommendation

15  ("R&R") regarding Defendants' motion to dismiss.  (Doc. No. 33.)  The

16  Honorable Larry Alan Burns, United States District Judge assigned to this

17  case, adopted the R&R on February 27, 2012.  (Doc. No. 34.)  The effect of

18  the R&R and Judge Burns' order was that Plaintiff's Eighth Amendment

19  claim was permitted to proceed against Defendants Gines and Hunt.[1]

20  These defendants filed an Answer on March 30, 2012.  (Doc. No. 35.)

21      The undersigned held a Case Management Conference on May 11,

22  2012 and, after an unsuccessful attempt to appoint pro bono counsel for

23  Plaintiff, issued a Scheduling Order on June 7, 2012.  (Doc. No. 40.)  The

24  Scheduling Order provided that, "Any motion to join other parties, to amend

25  the pleadings, or to file additional pleadings shall be filed on or before July

26  9, 2012."  Scheduling Order, ¶ 1.

27

28  [1]Plaintiff's claim against Defendant White was dismissed without prejudice on May 14, 2012 due to Plaintiff's failure to serve him in a timely manner.  (Doc. No. 39.)

11cv235

On November 2, 2012, Defendants filed an Amended Answer. (Doc. No. 46.) On November 7, 2012, the undersigned convened a Case Management Conference, at which time counsel for Defendants advised that she had filed an amended answer on behalf of Defendants to assert an affirmative defense that Plaintiff's exclusive remedy was a worker's compensation claim since he was injured while working at the prison. That same day, the Amended Answer was stricken from the record because Defendants had not complied with Fed. R. Civ. P. 15(a)(2), which requires an opposing party's written consent or leave of court to file an amended pleading. (Doc. No. 48.)

On November 29, 2012, Defendants filed the instant motion for leave to file an amended answer. (Doc. No. 49.) The Court issued a briefing schedule on December 3, 2012. (Doc. No. 50.) Plaintiff did not file an opposition to the motion.

## II.    Legal Standards

Defendants move to amend their answer pursuant to Federal Rule of Civil Procedure Rule 15. Rule 15 provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); see also Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000) ("Generally, [Rule 15(a)] liberally allows for amendments to pleadings."). However, once a district court has issued a scheduling order, it is the standards of Rule 16 that govern, not Rule 15. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992); Coleman, 232 F.3d at 1294.

Under Rule 16(b) of the Federal Rules of Civil Procedure, a district court must issue a scheduling order "as soon as practicable." Fed. R. Civ. P. 16(b)(2). "The scheduling order must limit the time to join other parties,

11cv235

1  amend the pleadings, complete discovery, and file motions," and "may be

2  modified only for good cause and with the judge's consent."  Fed. R. Civ. P.

3  16(b)(3)(A) & (b)(4).  Parties seeking to amend their pleadings after the

4  deadline set forth in a scheduling order has passed "must show good

5  cause for not having amended their [pleadings] before the time specified in

6  the scheduling order expired."  Coleman, 232 F.3d at 1294 (citing Johnson,

7  975 F.2d at 608-09).  "This standard 'primarily considers the diligence of

8  the party seeking the amendment.'"  Id. (quoting Johnson, 975 F.2d at

9  609.)  If good cause is shown, the requested amendment is then analyzed

10  under Rule 15.  Johnson, 975 F.2d at 608-09.  If, however, the moving

11  party does not demonstrate diligence, the inquiry should end.  Id. at 609.

12

13  **III.    Discussion**

14         Defendants' requested amendment is subject to the standard set

15  forth in Rule 16 because the request to amend their answer was not made

16  until November 29, 2012, over four months after the July 9, 2012 deadline

17  to move to amend the pleadings.  Unfortunately, Defendants' motion does

18  not recognize this, and provides no argument concerning modification of

19  the scheduling order.  Indeed, Defendants make no reference to the July 9,

20  2012 deadline to move to amend the pleadings, nor why they did not file

21  their motion within the time prescribed.  Instead, the substance of

22  Defendants' motion relates only to Rule 15, which is not applicable here

23  until the standards of Rule 16 have been met.  The Court is left to

24  speculate why Defendants could not have moved earlier to assert an

25  affirmative defense of worker's compensation exclusivity when they have

26  known the facts upon which the affirmative defense is based, i.e., that

27  Plaintiff was allegedly injured while performing his assigned work duties in

28  prison, since the time the original complaint was filed on February 3, 2011.

1 Without any explanation offered by Defendants, the Court cannot fathom

2 why they waited until November 29, 2012 to seek to amend their answer.

3 The Court thus cannot make a finding that Defendants have acted with

4 diligence in seeking to amend their answer.

5 　　　In the Ninth Circuit, "where a motion to amend [a pleading] is filed,

6 the motion to amend . . . is also deemed to be a motion to amend the

7 scheduling order, and the court's denial of that motion to amend . . . is

8 deemed to be a denial of the motion to amend the scheduling order."

9 Aldan v. World Corp., 267 F.R.D. 346, 355-56 (D. N. Mar. I. 2010) (citing

10 Johnson, 975 F.2d at 609-09).  Under Rule 16(b), Defendants must show

11 good cause for not having amended their answer before the deadline set

12 forth in the scheduling order.  They have failed to do so.

13 　　　Accordingly, the Court declines to amend the scheduling order, and

14 recommends that Defendants' motion to file an amended answer be

15 **DENIED**.

16

17 **IV.　　Conclusion and Recommendation**

18 　　　For the reasons set forth above, Defendants' motion for leave to file

19 an amended answer to the First Amended Complaint should be **DENIED**.

20 　　　This report and recommendation will be submitted to the Honorable

21 Larry Alan Burns, United States District Judge assigned to this case,

22 pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Any party may file

23 written objections with the Court and serve a copy on all parties on or

24 before **March 28, 2013**.  The document should be captioned "Objections to

25 Report and Recommendation."  Any reply to the Objections shall be served

26 and filed on or before **April 11, 2013**.  The parties are advised that failure

27 to file objections within the specified time may waive the right to appeal the

28

5

1 | district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

2 | DATED:  March 13, 2013

3 | Jan M. Adler

4 | U.S. Magistrate Judge