# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

FRANCISCO SOTO,

Plaintiff,

vs.

R. GINES, RN, et al.,

Defendants.

CASE NO. 11-CV-235-LAB (JMA)

**ORDER REJECTING REPORT
AND RECOMMENDATION**

Defendants Gines and Hunt answered Soto's First Amended Complaint on March 30, 2012, after the Court denied their motion to dismiss. Then, on June 7, Magistrate Judge Adler issued a Scheduling Order. That Order said, front and center, "Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed on or before **July 9, 2012**." (Doc. No. 40, ¶ 1.)

Defendants filed an amended answer, however, on November 2, months after that deadline. The purpose of the amended answer was to assert the affirmative defense that because Soto was allegedly injured *while working* in prison, he has to bring a worker's compensation claim rather than a civil rights claim. The amended answer was stricken because it was late, and Judge Adler now recommends that leave to amend not be granted.

//

Judge Adler is absolutely right that once a scheduling order has been issued in a case, amendments to pleadings are governed in the first instance by Rule 16 rather than Rule 15. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). Specifically, the Court has to ask first whether the party seeking to amend has good cause for being late, which is really a diligence question. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). Only then does the analysis reach Rule 15, which of course liberally allows for amendments. *Id.*

Judge Adler is also right that Defendants' request for leave to amend improperly leads with Rule 15, and indeed avoids altogether the fact that the request comes over four months after the deadline for amendments set by the Scheduling Order. It is no doubt a feeble request.

This said, the Court disagrees with Judge Adler that Defendants make no effort to explain their late request and that "[t]he Court is left to speculate why Defendants could not have moved earlier to assert an affirmative defense of worker's compensation exclusivity . . . ." (R&R at 4.) Defendants' request for leave says they "were unaware that the Workers' Compensation defense was applicable in this case when they initially answered plaintiff's First Amended Complaint," and it says that they attempted to amend as soon as they learned this. (Doc. No. 49 at 2.) A declaration submitted by Defendants' attorney goes into a little bit more detail. (*See* Gruenberg Decl., ¶¶ 3–4; Supplemental Gruenberg Decl., ¶¶ 3–5.) The explanation isn't exemplary, to be sure, but the Court disagrees with Judge Adler that Defendants haven't offered one at all.

The Court finds, therefore, that Defendants have shown good cause for not amending by the deadline Judge Adler set, and it further finds that leave to amend is proper here under Rule 15. It sees no evidence of bad faith, undue delay, or prejudice to Soto. *See Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). There *may be* some futility to the proposed amendment, however. Soto isn't just claiming that he's entitled to compensation for his on-the-job injuries, after all. He's

claiming that once he sought treatment for those injuries prison doctors (or nurses) were deliberately indifferent to them. It's hard to see how *that* is a worker's compensation issue. Nonetheless, the Court will allow Defendants to make that argument. Their request for leave to amend their answer is **GRANTED**.

      **IT IS SO ORDERED**.

DATED: August 21, 2013

_Larry A. Burns_

**HONORABLE LARRY ALAN BURNS**
United States District Judge