UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO SOTO,<br><br>        Plaintiff,<br><br>v.<br><br>R. GINES, et al.,<br><br>        Defendants. | Case No. 11-CV-235-LAB (JMA)<br><br>**ORDER GRANTING IN PART JOINT MOTION TO CONTINUE EXPERT DISCLOSURE DEADLINE [Doc. No. 62]** |

    Presently before the Court is a joint motion to continue expert disclosure deadline until after the Mandatory Settlement Conference and decision on motion(s) for summary judgment. Doc. No. 62. The parties seek to have the deadline for expert disclosures set to occur after the Mandatory Settlement Conference, which is scheduled for November 27, 2013, and after resolution of forthcoming motion(s) for summary judgment, which are scheduled to be heard on December 23, 2013. Alternatively, the parties seek to have the deadline set for January 24, 2014. For the reasons set forth below, the joint motion is **GRANTED IN PART**. While the Court grants the parties additional time to serve their expert disclosures, the Court is unable, because of scheduling considerations, to provide the parties with the full amount of time they seek to do so.

Under Rule 16(b) of the Federal Rules of Civil Procedure, a district court must issue a scheduling order "as soon as practicable." Fed. R. Civ. P. 16(b)(2). The scheduling order may set forth "the timing of disclosures under Rules 26(a) and 26(e)(1)" and "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(3)(B)(i) & (b)(4). Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment of the schedule. In re Western States Wholesale Natural Gas Antitrust Litigation, 715 F.3d 716, 737 (9th Cir. 2013) (citing Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)). The court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 Advisory Committee Notes (1983 Amendment). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Johnson, 975 F2d at 609 (citations omitted). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Id. (citation omitted).

Procedurally, following the filing of an Answer by Defendants Gines and Hunt on March 30, 2012 (see Doc. No. 35), the Court convened a Case Management Conference on May 11, 2012 and issued a Scheduling Order on June 7, 2012, which set deadlines of August 10, 2012 and August 24, 2012 for Plaintiff and Defendants, respectively, to serve a list of experts whom each party expected to call at trial. See Doc. No. 40 ¶ 2. The scheduling order also set a deadline of October 5, 2012 for service of expert disclosures required by Fed. R. Civ. P. 26(a)(2) and November 2, 2012 for service of contradictory or rebuttal information. Id. ¶ 4.

//

On September 4, 2012, following a Case Management Conference with the parties, the Court issued an order continuing the dates by which the parties were to serve their lists of experts. See Sept. 4, 2012 Order, Doc. No. 42. The order stated:

> By stipulation of the parties, the deadline for Plaintiff to serve on all parties a list of experts whom he expects to call at trial is continued from August 10, 2012 to October 5, 2012, and the deadline for Defendants to serve on all parties a list of experts whom they expect to call at trial is continued from August 24, 2012 to November 2, 2012.

Id. In other words, the deadlines for service of the parties' lists of experts were made to coincide with the deadlines previously established for expert disclosures: October 5, 2012 and November 2, 2012. Indeed, the Court's notes reflect that the Court informed the parties they could designate their experts at the time set forth in the schedule for expert disclosures. The Court did not alter the dates for expert disclosures.

On December 20, 2012, the Court, in view of Defendants' pending motion for leave to file an amended answer, issued an order vacating the Mandatory Settlement Conference, Pretrial Conference, and all dates related thereto. See Doc. No. 52. The order expressly stated, "All deadlines which have already passed are not affected by this Order." Id. At the time this order was issued, the deadline for expert disclosures, October 5, 2012, had already passed.

Following the issuance of an order on August 22, 2013 by the Honorable Larry A. Burns granting Defendants' request for leave to amend their answer, the Court convened a Case Management Conference and issued a new scheduling order for the remaining dates in the case on October 24, 2013. See Doc. No. 60. Because all discovery dates, including expert disclosure dates, had already passed at the time the Court issued its December 20, 2012 order vacating dates, the schedule issued on

October 24, 2013 only included dates and deadlines for the Mandatory Settlement Conference, motions for summary judgment, the Pretrial Conference, and all dates related thereto.  Id.

The parties then filed the instant joint motion on November 4, 2013. They provide no reason or explanation to the Court as to why they did not comply with the previous deadline set by the Court for provision of expert disclosures, and thus arguably have failed to show the diligence required to establish "good cause" under Rule 16(b) to modify the scheduling order. See In re Western States Wholesale Natural Gas Antitrust Litigation, 715 F.3d at 737; Johnson, 975 F.2d at 609.  Moreover, although the parties assert that the Court vacated all dates in its December 20, 2012 order (see Doc. No. 62 at 2), this is an inaccurate representation of the record.  It is also an inaccurate representation of the record to state that the Court did not discuss an expert report deadline during the September 4, 2012 Case Management Conference (see id. at 4).  As set forth above, this was expressly discussed with the parties.

The parties waited over a year after the October 5, 2012 cutoff date for expert disclosures had expired to file a motion to continue this deadline. The Court surmises this was due to the parties' mistake regarding when expert disclosures were due.  A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."  Johnson, 975 F.2d at 610.  Under these circumstances, the Court could very well deny the parties' request for additional time to make their expert disclosures.  However, as the Court believes the parties did not intentionally disregard the expert disclosure deadline, and finds they acted as diligently as possible upon realizing they needed a new deadline for expert disclosures, and because the parties are making a joint request, the Court will provide new deadlines for the parties to serve their expert

disclosures.

The Court, however, is unable to provide the parties with the full amount of time they seek for expert disclosures.  The Pretrial Conference is scheduled for February 10, 2014, and the pretrial order is due by February 3, 2014.  The pretrial order requires a list of witnesses to be called by each party, as well as a list of exhibits to be offered at trial, in the sequence proposed to be offered, with a description of each sufficient for identification and a statement of any objections reserved as to the admissibility of the evidence.  See Civ. L.R. 16.1 f.6.c.  It will therefore be necessary for all expert disclosures, and any contradictory or rebuttal information, to have been served sufficiently in advance of the preparation and submission of the pretrial order.

Accordingly, the joint motion to continue expert disclosure deadlines is **GRANTED IN PART**.  All expert disclosures required by Fed. R. Civ. P. 26(a)(2) shall be served on all parties on or before **December 16, 2013**.  Any contradictory or rebuttal information shall be disclosed on or before **January 13, 2014.**  This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony.  Failure to comply with this order or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

**IT IS SO ORDERED**.

DATED:  November 13, 2013

Jan M. Adler
U.S. Magistrate Judge